**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 17, 2019

LETTER TO COUNSEL

      RE:    *Adrianne F. v. Commissioner, Social Security Administration*;
                Civil No. SAG-18-3191

Dear Counsel:

      On October 15, 2018, Plaintiff Adrianne F. petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff protectively filed her claims for benefits on March 16, 2015, alleging a disability onset date of November 1, 2014. Tr. 233-40. Her claims were denied initially and on reconsideration. Tr. 155-59, 162-65. A hearing was held on May 31, 2017, before an Administrative Law Judge ("ALJ"). Tr. 74-104. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 54-68. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ found that Plaintiff suffered from the severe impairment of spine disorders. Tr. 57. Despite this impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that she can lift/carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for two hours out of an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant cannot climb ladders, ropes or scaffolds, but can perform the following occasionally: balancing, stooping, kneeling, crouching, and crawling. She must avoid concentrated exposure to vibration and must avoid all exposure to hazards. She is limited to work that involves understanding, remembering and carrying out very short, simple instructions.

Tr. 59-60. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. Tr. 67-68.

In support of her appeal, Plaintiff essentially presents two arguments: (1) that the ALJ erred in evaluating the medical opinion evidence from her treating sources, ECF 13-1 at 8-10; and (2) that the ALJ presented an insufficient RFC assessment to the VE, ECF 13-1 at 10-11. I agree that the ALJ's RFC analysis was inadequate, and accordingly will remand the case to the SSA for further evaluation. In ordering remand, I express no opinion as to whether the ALJ's ultimate determination that Plaintiff is not entitled to benefits is correct.

Beginning with the successful argument, Plaintiff argues that the ALJ's RFC does not reflect Plaintiff's reported pain in her lumbar and cervical spine, and the related disruption to her focus and concentration. ECF 13-1 at 10-11. I agree. The ALJ acknowledged Plaintiff's complaints of disabling pain in her lower back and her neck, radiating into her hips and arms. Tr. 60. In evaluating those complaints, the ALJ noted that "the claimant reported significant relief of her radiating back pain with placement of a spinal cord stimulator" along with "previous benefit from injections." Tr. 61. The ALJ also noted "no evidence of neck pain issues until approximately April 2015." *Id.* The ALJ's own evaluation of the record, however, notes that after placement of the permanent stimulator, Plaintiff "admitted improved lower extremity symptoms but still complained of radiating neck pain." Tr. 62. A cervical spine x-ray in February, 2016 "showed Grade I retrolistheses of C4 on C5 and C5 on C6 along with severe loss of height at C5-6 and mild to moderate osteophyte formation and posterior ridging." *Id.* The ALJ next asserted that "EMG testing on April 4, 2016 showed no abnormalities," *id.*, and that "Nerve conduction studies have also been normal regarding her upper extremity symptoms," Tr. 65. In fact, however, the medical record contains at least two reports demonstrating abnormal responses on earlier EMG and nerve conduction testing. *See* Tr. 370 (testing from 4/2/2015), 548 (testing from 1/19/2016).

In addition to the inaccurate summary regarding the objective nerve testing, the ALJ apparently rejected Plaintiff's subjective complaints of disabling neck pain by citing two facts: her lack of any cervical issues before April, 2015, and her physical examinations which "have consistently shown normal strength and sensation in the bilateral upper extremities." Tr. 61. The timing of the onset of Plaintiff's neck pain does not bear on its validity, since the relevant time frame for considering her eligibility for disability benefits lasted through the date of the ALJ's opinion on November 17, 2017. Moreover, the results of her physical examinations assessing strength and sensation cannot, alone, undermine Plaintiff's subjective assertions. The regulations provide that the ALJ "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). As the Fourth Circuit has stated, "subjective evidence of pain intensity cannot be discounted solely based on objective medical findings." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017). In light of the other medical records documenting both subjective and objective indicia of neck pain, and the mischaracterization of the objective medical findings, the ALJ has not cited substantial evidence to support the RFC assessment

contained in the opinion, which contained few, if any, cervical-related limitations. *See, e.g.*, Tr. 490-91 (medical appointment noting that Plaintiff "has failed conservative management including OTC meds" for neck pain, and that "extension/flexion and rotation are severely limited due to pain.").

The merits of Plaintiff's remaining argument, regarding the assignments of weight to the opinions of her treating medical providers, might be affected by a revised assessment of Plaintiff's subjective assertions of pain. In particular, the ALJ relied upon the erroneous results of Plaintiff's nerve conduction studies as a basis for suggesting that the exertional limitations proposed by one of Plaintiff's treating sources were invalid. Tr. 65. Accordingly, on remand, the ALJ should reconsider the appropriate weight to be assigned to each medical source's opinion, and should provide substantial evidence to support the assignments.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 13, will be denied and Defendant's Motion for Summary Judgment, ECF 14, will be denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment will be REVERSED IN PART due to inadequate analysis, and the case will be remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order will follow.

                                        Sincerely yours,

                                        /s/

                                        Stephanie A. Gallagher
                                        United States Magistrate Judge