UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

August 17, 2021

LETTER TO COUNSEL

      RE:    *Adrianne F. v. Saul*
                Civil No. DLB-18-3191

Dear Counsel:

      W. James Nicoll has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF 20. In response, the Commissioner asked the Court to consider whether Mr. Nicoll's requested fee is reasonable. ECF 21. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Nicoll's motion for attorney's fees is GRANTED.

      On August 21, 2019, this Court awarded Mr. Nicoll $1,260.00 for 11.25 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 17; ECF 19; ECF 20. Plaintiff subsequently received a favorable decision, which resulted in a past-due benefit award of $76,228.00. ECF 20-1. Mr. Nicoll filed a petition seeking $2,475.00. ECF 20. Mr. Nicoll also indicated that the entire amount this Court awarded him pursuant to the EAJA was garnished in order to pay a debt owed by plaintiff. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

      The Court may only award attorneys' fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as one factor in its reasonableness determination, the time spent and work performed by counsel on

*Adrianne F. v. Saul*
Civil No. DLB-18-3191
August 17, 2021
Page 2

the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Nicoll requests $2,475.00 for 11.25 hours of work performed by his firm on plaintiff's case in federal court. ECF 17 at 6; ECF 20. If Mr. Nicoll receives the full amount of fees he requests, his fee for representation before the Court will effectively total $220.00 per hour. Therefore, Mr. Nicoll must show that an effective rate of $220.00 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807. Mr. Nicoll's typical hourly billing rate is $300.00. ECF 17 at 4. This is at the bottom of the range of presumptively reasonable hourly rates for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[1] This Court has routinely approved contingency fee agreements that produce higher hourly rates in successful Social Security appeals. *See, e.g.*, *Kim P. v. Saul*, Civil No. DLB-18-2056 (D. Md. July 13, 2020) (approving contingency fee agreement with effective hourly rate $440.59); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil No. 18-1812-DLB, 2020 WL 2732224 (D. Md. May 26, 2020) (approving contingency fee agreement with effective hourly rate $422.36); *Debra J. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-17-2904 (D. Md. Feb. 5, 2020) (approving contingency fee agreement with effective hourly rate $1,000.00). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Nicoll's motion seeking attorney's fees in the amount of $2,475.00, ECF 20. Mr. Nicoll affirmed that the amount this Court awarded him pursuant to the EAJA was garnished. Therefore, Mr. Nicoll need not reimburse plaintiff any of the amount awarded to him under the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States District Judge

---

[1] Although they do not govern Social Security cases, guidelines regarding reasonable hourly rates are published in the District of Maryland's Local Rules. *See* Loc. R. App'x B. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See id.*; *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel). Currently, Mr. Nicoll has twenty years of experience. ECF 17 ¶ 7. The range of presumptively reasonable hourly rates for attorneys admitted to the bar for twenty years is between $300.00 and $475.00. Loc. R. App'x B(3)(e).